1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   JUSTIN R. BERNBROCK (*pro hac vice* admission pending)
2  CATHERINE JUN (*pro hac vice* admission pending)
   ROBERT B. McLELLARN (*pro hac vice* admission
3  pending)
   321 North Clark Street, 32nd Floor
4  Chicago, Illinois 60654
   Telephone: 312.499.6300
5  Email:    jbernbrock@sheppardmullin.com
             cjun@sheppardmullin.com
6            rmclellarn@sheppardmullin.com
   JENNIFER L. NASSIRI, SBN 209796
7  ALEXANDRIA G. LATTNER, SBN 314855
   1901 Avenue of the Stars, Suite 1600
8  Los Angeles, CA 90067-6055
   Telephone: 310.228.3700
9  Email:    jnassiri@sheppardmullin.com
             alattner@sheppardmullin.com
10
   Proposed Counsel to Debtors and
11 Debtors in Possession

12                    UNITED STATES BANKRUPTCY COURT

13              CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

14

15 | In re:                                          | Case No. 2:23-bk-12359
   |                                                 |
16 | BEVERLY COMMUNITY HOSPITAL                      | Hon. Sandra R. Klein
   | ASSOCIATION, dba BEVERLY HOSPITAL               |
17 | (A NONPROFIT PUBLIC BENEFIT                     | Chapter 11 Case
   | CORPORATION), *et al*,[1]                      |
18 |                                                 | (Voluntary Petition Filed April 19, 2023)
   |       Debtor and Debtor in Possession.          |
19 |                                                 | **DEBTORS' *EX PARTE* EMERGENCY
   |                                                 | MOTION FOR ORDER (I) DIRECTING
20 |                                                 | JOINT ADMINISTRATION OF
   |                                                 | CHAPTER 11 CASES, AND
21 |                                                 | (II) GRANTING RELATED RELIEF;
   |                                                 | DECLARATION OF ALICE CHENG**
22 |                                                 |
   |                                                 | [No Notice and No Hearing Required Pursuant
23 |                                                 | To Local Bankruptcy Rule 1015-1(b)(1)]

24

25

26 ---
   [1] This Motion seeks to administratively consolidate each of the three cases filed on April 19, 2023 by the following
27 debtors, along with the last four digits of each debtor's federal tax identification number:  Beverly Community
   Hospital Association d/b/a Beverly Hospital (6005), Montebello Community Health Services, Inc. (3550), and
   Beverly Hospital Foundation (9685).  The mailing address for the Debtors is 309 W. Beverly Blvd., Montebello,
28 California 90640.

SMRH:4874-7039-1896                                              JOINT ADMINISTRATION MOTION
040123                                                                            89DH-371656

**TABLE OF CONTENTS**

Page

I. RELIEF REQUESTED ..................................................................................................1

II. JURISDICTION AND VENUE.....................................................................................2

III. STATEMENT OF FACTS..............................................................................................2

IV. BASIS FOR RELIEF .....................................................................................................3

V. EMERGENCY CONSIDERATION...............................................................................5

VI. WAIVER OF MEMORANDUM OF POINTS AND AUTHORITIES ..........................6

VII. NOTICE .........................................................................................................................6

DECLARATION OF ALICE CHENG................................................................................8

# TABLE OF AUTHORITIES

Page(s)

Cases

*In re Plaza Healthcare Center, LLC*
    Case No. 8-14-bk-11335-CB (Bankr. C.D. Cal. March 4, 2014) ............................................. 5

*In re Quigg LA, LLC*
    Case No. 2:16-bk-25740-ER (Bankr. C.D. Cal. Nov. 30, 2017) ................................................ 5

*In re Verity Health System of California, Inc.*
    Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Aug. 31, 2018) ................................................ 5

Statutes

11 U.S.C.
    § 101(2) ................................................................................................................................. 3, 4
    § 101(2)(A)-101(2)(B) .............................................................................................................. 4
    § 342(c)(1) ................................................................................................................................ 1
    § 1107(a) .................................................................................................................................. 3
    § 1108 ....................................................................................................................................... 3

28 U.S.C.
    § 157 ......................................................................................................................................... 2
    § 157(b) .................................................................................................................................... 2
    § 589b ....................................................................................................................................... 2
    § 1334 ....................................................................................................................................... 2
    § 1408 ....................................................................................................................................... 2
    § 1409 ....................................................................................................................................... 2

United States Code Title 11 Chapter 11 ............................................................................................. 1, 3

Rules and Regulations

Federal Rules of Bankruptcy Procedure
    Rule 1015 ................................................................................................................................. 3
    Rule 1015(b) .................................................................................................................... 1, 2, 3
    Rule 6003 ................................................................................................................................. 5

Local Bankruptcy Rules
    Rule 1015-1 .................................................................................................................. 1
    Rule 1015-1(b) ............................................................................................................. 2
    Rule 1015-1(b)(1) .................................................................................................... 1, 4
    Rule 1015-1(b)(2) ......................................................................................................... 1
    Rule 2081-1(a)(12) ....................................................................................................... 5
    Rule 5011-1(a) .............................................................................................................. 2
    Rule 9013-1(c) .............................................................................................................. 6
    Rule 9013-1(q) .............................................................................................................. 2
    Rule 9013-1(q) .............................................................................................................. 2

# I.

# RELIEF REQUESTED

Beverly Community Hospital Association d/b/a Beverly Hospital ("Beverly Hospital"), a California nonprofit public benefit corporation, debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, moves *ex parte* on an emergency basis[2] (this "Motion") for entry of an order, identical to that being uploaded utilizing this Court's required Form pursuant to Local Rule 1015-1(b)(2) as attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of the case filed by Beverly Hospital and its affiliates Montebello Community Health Services, Inc. ("Montebello Health") and Beverly Hospital Foundation ("Beverly Foundation" and with Beverly Hospital and Montebello Health, collectively, the "Debtors"); and (b) granting related relief. Beverly Hospital requests that one file and one docket be maintained for all jointly administered cases under the case of Beverly Hospital and that the cases be administered under a consolidated caption. As set forth in Local Bankruptcy Rule 1015-1(b)(1), the Court can consider and grant this Motion without notice and without a hearing. Each of the Debtors is filing an identical Motion in each of their respective cases.

The Debtors further request that this Court (as defined below) order that the case caption as set forth in Exhibit A satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than that of Beverly Community Hospital Association to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California directing joint administration for procedural purposes only of the chapter 11 cases of: Beverly Community Hospital Association d/b/a Beverly Hospital (6005), Montebello Community Health Services, Inc. (3550), and Beverly

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Alice Cheng in Support of the Debtors' First Day Emergency Motions* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on the date hereof (the "Petition Date"). Capitalized terms used but not otherwise defined in this Motion have the meanings given to them in the First Day Declaration or elsewhere in this Motion.

Hospital Foundation (9685). The docket in Case No. 2:23-bk-12359 should be consulted for all matters affecting these cases.

Finally, the Debtors seek authority to file the monthly operating reports required by 28 U.S.C. § 589b and the Guidelines and Requirements for Chapter 11 Debtors in Possession issued by the Office of the United States Trustee for the Central District of California (the "U.S. Trustee") on a consolidated basis. The Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

## II.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Central District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order No. 13-05* (C.D. Cal. Jul. 1, 2013), and Rule 5011-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court Central District of California (the "Local Bankruptcy Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1015-1(b) and 9013-1(q) of the Local Bankruptcy Rules.

## III.

## STATEMENT OF FACTS

Beverly Hospital is a nonprofit, 202-bed hospital in Montebello that serves low-income patients in the nearby Los Angeles area. As a safety net hospital, Beverly serves a geographic area where half of the population lives under the 200% Federal Poverty Level. Beverly has been historically underfunded and, in the post-Covid economy, became increasingly cash-strapped. With 91% of its patients relying on Medicare and Medi-Cal, the Hospital's financial struggles only worsened as the cost of labor, medical supplies and medicine ballooned while government reimbursement rates have stayed the same.

On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## IV.

## BASIS FOR RELIEF

Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

Section 101(2) of the Bankruptcy Code defines "affiliate" to include an entity in which 20% or more of the outstanding securities of one entity are owned or controlled by the other entity:

> [A]ffiliate means—
>
> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote.

1  11 U.S.C. §§ 101(2)(A)-101(2)(B).

2  The three (3) Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The governing Board of Directors for Beverly Hospital mirrors the Board of Directors for Montebello Health. Additionally, Beverly Hospital is the sole corporate member of Beverly Foundation, although the Beverly Foundation is governed by its own, separate Board of Trustees. Because the Debtors are clearly "affiliates," as defined above, the Court may order the joint administration of the Debtors' estates. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

Further, Local Bankruptcy Rule 1015-1(b)(1) provides additional authority for the Court to order joint administration of these chapter 11 cases:

> If 2 or more cases are pending before the same judge, an order of Joint Administration may be entered, without further notice and an opportunity for hearing, upon the filing of a Motion for Joint Administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a Declaration establishing that the Joint Administration of the case is warranted, will ease the administrative burden for the Court and the Parties, and will protect creditors of the difference estates against potential conflicts of interest.

Local Bankr. R. 1015-1(b)(1).

Joint administration of these chapter 11 cases will ease the administrative burden of the Court, the Debtors, and other stakeholders—without harming the substantive rights of any party in interest.

The Debtors are affiliated nonprofit public benefit corporations. Hence, numerous motions filed in these cases will relate to all the Debtors. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. Joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency. Absent joint administration, parties will be required to file several sets of papers that will often be identical, apart from the captions, and creditors will receive multiple

copies of such papers. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.

Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative consolidation—not substantive consolidation—of the Debtors' estates. Each creditor may still file a claim against a particular Debtor; therefore, joint administration will not adversely impact any creditors' rights. Rather than be harmed by the relief requested, parties in interest will instead benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

Courts in this jurisdiction have ordered joint administration in cases with multiple related debtors. *See, e.g.*, *In re Verity Health System of California, Inc.,* Case No. 2:18-bk-20151-ER (Bankr. C.D. Cal. Aug. 31, 2018) [Docket No. 17]; *In re Quigg LA, LLC*, Case No. 2:16-bk-25740-ER, (Bankr. C.D. Cal. Nov. 30, 2017) [Docket Nos. 23, 24, 44]; *In re Plaza Healthcare Center, LLC*, Case No. 8-14-bk-11335-CB (Bankr. C.D. Cal. March 4, 2014) [Docket Nos. 4, 46].

## V.

## EMERGENCY CONSIDERATION

Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the petition date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Additionally, Local Bankruptcy Rule 2081-1(a)(12) allows a movant to request the type of relief herein for emergency consideration. For the reasons discussed above, (a) directing joint administration of these chapter 11 cases, and (b) granting related relief as requested herein is integral to the Debtors' ability to transition their operations into these chapter 11 cases. Failure to receive such authorization and other relief during the first 21 days of these chapter 11 cases could disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

## VI.

## WAIVER OF MEMORANDUM OF POINTS AND AUTHORITIES

The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(c).

## VII.

## NOTICE

The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the Office of the U.S. Trustee Region 16; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) U.S. Bank, N.A. and counsel thereto; (d) Hanmi Bank and counsel thereto; (e) the Internal Revenue Service; (f) the Office of the Attorney General for the State of California; (g) the National Association of Attorneys General; and (h) all other parties who have filed a request for special notice and service of papers with the clerk of this Court.

No prior request for the relief sought in this Motion has been made by the Debtors to this Court or any other court.

1     WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: April 19, 2023

                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                        By     */s/ Jennifer L Nassiri*
                               Jennifer L. Nassiri

                              JUSTIN R. BERNBROCK
                              JENNIFER L. NASSIRI
                              CATHERINE JUN
                              ROBERT B. McLELLARN
                              ALEXANDRIA G. LATTNER

                              Proposed Counsel to Debtors and
                              Debtors in Possession

## DECLARATION OF ALICE CHENG

I, Alice Cheng, declare as follows:

1. I am the President and Chief Executive Officer ("CEO") for each of the debtors and debtors-in-possession: Beverly Community Hospital Association d/b/a Beverly Hospital ("Beverly Hospital"), Montebello Community Health Services, Inc. ("Montebello Health"), and Beverly Hospital Foundation (the "Beverly Foundation", and together with Beverly Hospital and Montebello Health, collectively, the "Debtors" or the "Hospital").

2. In my capacity as the Debtors' CEO, I am generally familiar with the Debtors' day-to-day operations, business and financial affairs, and books and records. I submit this declaration in support of the *Debtor's Ex Parte Emergency Motion for Order (I) Directing Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* (the "Motion"). Capitalized terms used, but not defined herein, shall the have the meanings ascribed to them in the Motion.

3. The Debtors are affiliated nonprofit public benefit corporations in the state of California. Hence, numerous motions filed in these cases will relate to all the Debtors. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. Joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency. Absent joint administration, parties will be required to file several sets of papers that will often be identical, apart from the captions, and creditors will receive multiple copies of such papers. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.

4. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative consolidation—not substantive consolidation—of the Debtors' estates. Each creditor may still file a claim against a particular Debtor; therefore, joint administration will not adversely impact any creditors' rights. Rather than be harmed by the relief requested, parties in interest will instead benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, I submit that the

1 | joint administration of these chapter 11 cases is in the best interests of their estates, their creditors,
2 | and all other parties in interest.
3 |     I declare under penalty of perjury under the laws of the United States of America that the
4 | foregoing is true and correct.
5 | Executed on this 19th day of April 2023, at Los Angeles, California.

/s/
Alice Cheng

## Exhibit A

**Proposed Order**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br><br>JUSTIN R. BERNBROCK (*pro hac vice* admission pending)<br>CATHERINE JUN (*pro hac vice* admission pending)<br>ROBERT B. McLELLARN (*pro hac vice* admission pending)<br>321 North Clark Street, 32nd Floor<br>Chicago, Illinois 60654<br>Telephone: 312.499.6300<br>Facsimile:  312.499.6301<br>Email:   jbernbrock@sheppardmullin.com<br>         cjun@sheppardmullin.com<br>         rmclellarn@sheppardmullin.com<br><br>JENNIFER L. NASSIRI, SBN 209796<br>ALEXANDRIA G. LATTNER, SBN 314855<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067-6055<br>Telephone: 310.228.3700<br>Facsimile:  310.228.3701<br>Email:   jnassiri@sheppardmullin.com<br>         alattner@sheppardmullin.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed Counsel to Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>Beverly Community Hospital Association, *et al.*,<br><br>    Debtors and Debtors in Possession<br>-------------------------------------------------------------------------- | LEAD CASE NO.: 2:23-bk-12359<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 2:23-bk-12360<br><br>CASE NO.: 2:23-bk-12361 |
|---|---|
| ☒ Affects All Debtors<br><br>☐ Affects Beverly Community Hospital Association<br><br>☐ Affects Montebello Community Health Services, Inc.<br><br>☐ Affects Beverly Hospital Foundation | **ORDER  ☒ GRANTING  ☐ DENYING MOTION TO APPROVE JOINT ADMINISTRATION OF CASES**<br><br>**[LBR 1015-1, 9013-1(q)]** |
|        Debtors and Debtors in Possession | [No Hearing Required] |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*      Page 1      **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**

On (*date*) <u>April 19, 2023</u>, a motion was filed requesting approval of joint administration of cases identified in the caption above, with the lead case being <u>In re Beverly Community Hospital Association</u>, case number 2:23-bk-12359 .

Having reviewed the motion, IT IS ORDERED THAT:

1. The motion is:  ☒ Granted    ☐ Denied

2. Promptly upon entry of an order granting a motion to approve joint administration:

    a) Using the mandatory court form, the movant must file a Notice of Joint Administration of Cases and Requirements for Filing Documents (Notice).

    b) To facilitate service of the Notice by NEF to registered CM/ECF users, the Notice must be filed in each case being jointly administered.

    c) The Notice must be served via United States mail on all creditors and interest holders in each case being jointly administered.

    d) To facilitate notice of documents sent by the court via the Bankruptcy Noticing Center, the movant must file in the lead case an amended master mailing list that contains the name and mailing address of all creditors and interest holders from each case being jointly administered.

3. Other:

                                            ###

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                    Page 2            **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**

## **Exhibit B**

**Form of Notice**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br><br>JUSTIN R. BERNBROCK (*pro hac vice* admission pending)<br>CATHERINE JUN (*pro hac vice* admission pending)<br>ROBERT B. McLELLARN (*pro hac vice* admission pending)<br>321 North Clark Street, 32nd Floor<br>Chicago, Illinois 60654<br>Telephone: 312.499.6300<br>Facsimile:  312.499.6301<br>Email:  jbernbrock@sheppardmullin.com<br>          cjun@sheppardmullin.com<br>          rmclellarn@sheppardmullin.com<br><br>JENNIFER L. NASSIRI, SBN 209796<br>ALEXANDRIA G. LATTNER, SBN 314855<br>1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067-6055<br>Telephone: 310.228.3700<br>Facsimile:  310.228.3701<br>Email:  jnassiri@sheppardmullin.com<br>          alattner@sheppardmullin.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed Counsel to Debtors and Debtors in Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>Beverly Community Hospital Association, *et al.*,<br><br>                    Debtors and Debtors in Possession<br>-------------------------------------------------------------------------- | LEAD CASE NO.: 2:23-bk-12359<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 2:23-bk-12360<br><br>CASE NO.: 2:23-bk-12361 |
|---|---|
| ☒ Affects All Debtors<br><br>☐ Affects Beverly Community Hospital Association<br><br>☐ Affects Montebello Community Health Services, Inc.<br><br>☐ Affects Beverly Hospital Foundation<br><br><br><br>                    Debtors and Debtors in Possession | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014* | Page 1 | **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (date) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: _____        By: _____
                                            Signature

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                Page 2                **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**