SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JUSTIN R. BERNBROCK (admitted *pro hac vice*)
CATHERINE JUN (admitted *pro hac vice*)
ROBERT B. McLELLARN (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone: 312.499.6300
Facsimile: 312.499.6301
Email:   jbernbrock@sheppardmullin.com
         cjun@sheppardmullin.com
         rmclellarn@sheppardmullin.com

JENNIFER L. NASSIRI, SBN 209796
ALEXANDRIA G. LATTNER, SBN 314855
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6055
Telephone: 310.228.3700
Facsimile: 310.228.3701
Email:   jnassiri@sheppardmullin.com
         alattner@sheppardmullin.com

Proposed Counsel for Debtors and
Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Lead Case No.: 2:23-bk-12359-SK |
| BEVERLY COMMUNITY HOSPITAL ASSOCIATION, dba BEVERLY HOSPITAL (A NONPROFIT PUBLIC BENEFIT CORPORATION), *et al*,[1] | Jointly administered with: Case No: 2:23-bk-12360-SK Case No: 2:23-bk-12361-SK |
| Debtors, | Chapter 11 Case |
| ☒ Affects all Debtors | **DEBTORS' OPPOSITION TO DR. IHSAN SHAMAAN'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362; DECLARATION OF MARK LUEKEN IN SUPPORT THEREOF** |
| ☐ Affects Beverly Community Hospital Association | |
| ☐ Montebello Community Health Services, Inc. | Date:    May 3, 2023 |
| ☐ Beverly Hospital Foundation | Time:    8:30am<br>Judge:   Sandra R. Klein<br>Place:   Zoom.Gov – or - Courtroom 1575<br>         255 E. Temple St.<br>         Los Angeles, CA 90012 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:   Beverly Community Hospital Association d/b/a Beverly Hospital (6005), Montebello Community Health Services, Inc. (3550), and Beverly Hospital Foundation (9685).   The mailing address for the Debtors is 309 W. Beverly Blvd., Montebello, California 90640.

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I. SUMMARY .................................................................................................................1

II. STATEMENT OF FACTS .........................................................................................2

    A.    The Lawsuit and the Motion for Relief from Stay...................................2

    B.    Availability of Insurance Coverage. ........................................................3

    C.    The Debtors' Reorganization Efforts........................................................3

III. ARGUMENT ............................................................................................................5

    A.    The Automatic Stay Applies to Shamaan's Lawsuit. ...............................5

    B.    The Factors to Be Considered in Granting Stay Relief............................5

    C.    The Lawsuit Would Interfere With This Bankruptcy Case.......................6

    D.    The Estate Would Be Jeopardized Despite the Insurance Policy Because
        Said Policy Does Not Cover All Relief Sought in the Lawsuit..............................7

    E.    The Balance of the Hurt Favors the Denial of Shamaan's Motion...........................9

IV. CONCLUSION.........................................................................................................10

DEBTORS' OPPOSITION TO SHAMAAN'S MOTION OF
FOR RELIEF FROM THE AUTOMATIC STAY

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

A.H. Robins Co., Inc. v. Piccinin,
  788 F.2d 994 (4th Cir. 1986) ...................................................................14

In re Curtis,
  40 B.R. 795 (Bankr. D. Utah 1984) ................................................... 10, 12, 15

In re Davis,
  730 F.2d 176 (5th Cir. 1984) .....................................................................9

Dean v. Trans World Airlines, Inc.,
  72 F.3d 754 (9th Cir. 1995) .....................................................................12

In re Forty-Eight Insulations, Inc.,
  54 B.R. 905 (Bankr. N.D. Ill. 1985) ...........................................................12

Matter of Holtkamp,
  669 F.2d 505 (7th Cir. 1982) ...................................................................12

In re Klause,
  181 B.R. 487 (Bankr. C.D. Cal. 1995) .........................................................13

In re Johns Manville Corp.,
  33 Bankr. 254 (Bankr. S.D.N.Y. 1983) ................................................... 10, 15

Memmer v. Marin County Courts,
  169 F.3d 630 (9th Cir. 1999) ...................................................................13

In re Minoco Group of Cos.,
  799 F.2d 517 (9th Cir. 1986) .................................................................9, 14

In re Plumberex Specialty Products, Inc.,
  311 B.R. 551 (Bankr. C.D. Cal. 2004) .........................................................10

In re Sonnax Indus., Inc.,
  907 F.2d 1280 (2d Cir. 1990).....................................................................10

In re Vitek, Inc.,
  51 F.3d 530 (5th Cir. 1995) ...................................................................9, 14

### STATE CASES

Areteaga v. Brink's, Inc.,
  163 Cal. App. 4th 327 (Cal. Ct. App. 2008).....................................................13

Mixon v. Fair Employment and Housing Commission,
  192 Cal. App. 3d 1306 (Cal. Ct. App. 1987) ....................................................13

PPG Industries, Inc. v. Transamerica Insurance Co.,
  20 Cal. 4th 310 (Cal. Ct. App. 1999) ..........................................................13

-ii-

## FEDERAL STATUTES

11 U.S.C. § 105(a) ................................................................................................16

11 U.S.C. § 362(a) .............................................................................................1, 8

11 U.S.C. § 362(a)(1) .........................................................................................1, 9

11 U.S.C. § 362(a)(3) .......................................................................................1, 10

11 U.S.C. § 362(a)(6) .........................................................................................1, 9

11 U.S.C. § 523(a)(6) ...........................................................................................13

11 U.S.C. § 541(a) ...........................................................................................9, 14

## STATE STATUTES

California Insurance Code
    § 533 ..............................................................................................................13

## FEDERAL RULES

Federal Rules of Bankruptcy Procedure
    Rule 7001(7) ..................................................................................................16

## LEGISLATIVE HISTORY

H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340 (1977)
    reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97 ...............................................9

# I. SUMMARY

Dr. Ihsan Shamaan ("Shamaan") brings his motion for relief from the automatic stay [Docket No. 151]  (the "Motion") for the purpose of pursuing proceeds from Debtor Beverly Community Hospital Association's ("Beverly" or the "Hospital") insurance policies[2] in a state court action in the Superior Court of the State of California For the County of Los Angeles (Case No. 21STCV18015) filed by Shamaan against the Debtors (the "Lawsuit").

Shamaan sought to have the Court hear the Motion on shortened notice because the Lawsuit was initially set to proceed to trial on April 21, 2023 but was stayed by the Debtors' bankruptcy filing.  Now Shamaan argues the Lawsuit must immediately proceed to trial.  The timing of the trial, among other things, is the exact reason the motion should be denied.

Beverly and its affiliated debtors and debtors in possession in the above-captioned case (collectively, the "Debtors") filed for bankruptcy protection on April 19, 2023 (the "Petition Date"). The Motion was filed just 8 days after the Petition Date.  As this Court is aware, Beverly is in dire need of the protection the automatic stay provides so that it can pursue a going-concern sale that will keep the Hospital open for the community that greatly relies on its care.  Time is truly of the essence here.

The relief requested in the Motion should be denied because forcing the Debtors' senior management and employees to participate in a trial so soon after the Debtors' bankruptcy filing unduly prejudices the Debtors' sale efforts.  The Debtors' employees' sole focus needs to be on maintaining high levels of patient care and preserving the Hospital for the benefit of a buyer.   In addition, the insurance policy referenced in the Motion is property of the Debtors' bankruptcy estate and likely will not cover the entirety of the potential damages and costs sought in the Lawsuit, thereby resulting in a potential claim against the Debtors' bankruptcy estate. Proceeding to trial whether there is coverage or not will distract the Debtors and their employees at the most critical time in these cases.  Even if insurance coverage was available to cover the

---

[2] *See* Motion, 21:4-7.

DEBTORS' OPPOSITION TO SHAMAAN'S MOTION OF
FOR RELIEF FROM THE AUTOMATIC STAY

entirety of Shamaan's claim, the automatic stay was specifically designed to protect the Debtors from the harm that proceeding to trial would cause.

Accordingly, the Debtors respectfully request that this Court deny the Motion and order that the automatic stay will remain in effect, thereby providing the Debtors with the breathing room they need at this extremely crucial and early stage of the case to work towards a successful sale of the Hospital.

This Opposition is based on the Declaration of Alice Cheng filed on April 19, 2023 [Docket No. 9] (the "Cheng Declaration"), the Declaration of Mark Lueken attached hereto, and the other pleadings and papers of record in the above-captioned case.

## II. STATEMENT OF FACTS

### A. The Lawsuit and the Motion for Relief from Stay.

Shamaan filed the Lawsuit against Beverly Community Hospital Association, Beverly Hospital Foundation, and Does 1 through 25 inclusive, on May 13, 2021. (See Motion, 20:3-4). In the Lawsuit, Shamaan claims that he was retaliated against by the Debtors' employees and suffered workplace harassment in recent years. (See Exhibit 1 to the Motion). Specifically, Shamaan alleges five separate causes of action: 1) Health and Safety Code §1278.5; 2) Retaliation In Violation of Labor Code §1102.5; 3) Intentional Interference with Prospective Economic Relations; 4) Retaliation in Violation of the FEHA; and 5) Failure to Prevent Harassment, Discrimination, or Retaliation in Violation of Govt. Code §12940(k) (such alleged causes of action (the "Plaintiff's Alleged Claims"). (See Exhibit 1 to the Motion). In respect of Plaintiff's Alleged Claims, Shamaan is seeking punitive and exemplary damages in addition to general and compensatory damages (Exhibit 1 to the Motion, 43:7-9). The Debtors filed their response to Shamaan's complaint on June 18, 2021.

As stated at the Debtors' first day hearing on April 21 2023, the success of the Debtors' Bankruptcy Case depends entirely on the Debtors' ability to keep the Hospital open for the benefit of the community and run a successful going-concern sale process.

The Motion ignores the significant amount of time that Debtors' counsel would have to spend immediately with the witnesses to prepare them for their testimony, during which time

they would be unable to perform their everyday duties at the Debtors' facilities. Careful preparation of these witnesses, especially Ms. Cheng, and examination of them by the Debtors' attorneys is necessary because their testimony is anticipated to constitute the majority of Shamaan's case and the Debtors' defense. Second, the Motion ignores that Shamaan has also subpoenaed senior employees of the Debtors' employees to testify. Finally, the Motion states that the trial could last for over two weeks. (Motion, 20:17). When the first few months of a chapter 11 case are as critical as they are in this instance with the need to sell the hospital paramount, there is no appropriate time for any of the Debtors' employees to turn their efforts from the needs of the hospital to the trial. The Debtors need all hands on deck for the benefit of these chapter 11 cases and the sale process. Every moment spent by these employees on the Lawsuit is time they cannot spend on the Debtors' restructuring efforts.

**B.    Availability of Insurance Coverage.**

The Debtors are insured under a Healthcare Entity Integrated Liability Policy with California Healthcare Company, Inc. (the "Insurance Policy"), that was attached as Exhibit 2 to the Motion. The Insurance Policy has an aggregate liability limit of $5 million but does not cover punitive or exemplary damages, both of which Shamaan seeks in his Lawsuit (*see* Exhibit 1 to the Motion). Therefore, it is not clear insurance coverage is fully available for potential damages from Plaintiff's Alleged Claims. The Insurance Policy is also a "wasting" policy so that the fees and costs paid to defend the action reduce the aggregate liability limit. Thus, the cost of defending the Lawsuit, would all be drawn against the aggregate amount of the Insurance Policy. The facts recited in Shamaan's Motion thus severely underestimate the prejudice to the Debtors, and to the estate generally, of going forward with the Lawsuit.

**C.    The Debtors' Reorganization Efforts.**

As set forth in the Cheng Declaration, the Debtors' reorganization efforts are extremely time-sensitive and short-fused. With a very limited cash position, time is of the absolute essence.

The Debtors' reorganization efforts in this bankruptcy case include retaining Portage Point Partners, LLC ("Portage Point") to market and sell the Debtors' assets as a going concern and obtaining debtor-in-possession financing to operate the Hospital and maintain the Debtors'

going concern value during the sale process.  The debtor-in-possession financing was approved by the Court on April 21, 2023 (the "DIP Financing"), pending submission of an agreed order between the Debtors, HRE Montebello, LLC (the "DIP Lender"), and US Bank, National Association, the Master Trustee under that certain Master Trust Indenture (as defined in the Cheng Declaration), for certain revenue bonds issued by the California Statewide Communities Development Authority.  A final hearing on the DIP Financing is currently set for May 17, 2023, and the Debtors continue to work with the DIP Lender to finalize the terms of an agreed final order ahead of the May 17, 2023 hearing.

Even with the DIP Financing, the Debtors have only a few months, at best, in which to effectuate a going concern sale.  As demonstrated by the budget attached to the interim DIP financing order filed with the Debtors' DIP motion [Docket No. 31], the DIP Financing may only enable the Debtors to maintain operating through June 18, 2023.  It is critical that the Debtors and Portage Point accomplish a sale of the Debtors' assets while the Debtors are still operating to maximize value.

Beverly and its employees have been working tirelessly with Portage Point in marketing the Hospital and the Debtors' other assets.  As detailed in the Cheng Declaration, the sale process has been ongoing since before the Petition Date and continues now post-petition in earnest.  This process of working with buyers and also running the Debtors' critical hospital operations will continue to be very intense for the next two months as the Debtors try to negotiate and document a sale, and provide patient care at its highest level.

The Hospital cannot run without the full attention of the  Debtors' employees.  Shamaan seeks to have Alice Cheng, among other members of senior management, testify in the Lawsuit.  As the chief executive officer and leader of the Hospital,  Ms. Cheng is critical to both the Debtors' hospital operations and the ongoing sale process.  In addition, Shamaan having other witnesses testify during the ongoing sale process will cause meaningful distraction and business disruption.  The Debtors simply do not have the personnel capacity to lose employees for any non-emergency reasons during the next few months.

The facts recited in Shamaan's Motion thus severely underestimate the prejudice to the Debtor, and to the estate generally, of going forward with the Lawsuit. The Motion should be denied.

### III.  ARGUMENT

#### A.    The Automatic Stay Applies to Shamaan's Lawsuit.

It is undisputed that the automatic stay of Bankruptcy Code Section 362(a) applies to Shamaan's Lawsuit. (*See* Motion, 20:3). Even if it was in dispute, the Insurance Policy is property of the estate,[3] and Shamaan clearly intends to pursue proceeds of the Insurance Policy if he prevails in the Lawsuit (*See* Motion, 3, ¶4), thereby seeking recovery against an asset of the estate. In other words, the Lawsuit is stayed by Bankruptcy Code Section 362(a)(3), which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

#### B.    The Factors to Be Considered in Granting Stay Relief.

The automatic stay provision is one of the fundamental debtors protections provided by bankruptcy laws and plays a vital role in any bankruptcy case. *See, In re Baleine, LP*, 2015 WL 5979948, at *6 (C.D. Cal. 2015) (quoting *In re Landmark Fence Co.,* No. CV 11-00934 AHM, 2011 WL 6826253, at *3 (C.D. Cal. Dec. 9, 2011). The court in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) announced twelve nonexclusive factors to be considered when ruling on a stay relief motion seeking the court's permission to continue with pending litigation against a debtor in another forum. Courts in this district have adopted the *Curtis* factors and apply them in ruling on stay relief motions such as that brought by Shamaan in the instant case. *See, e.g.*, *In re Plumberex Specialty Products, Inc*., 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004); *In re Roger*, 539 B.R. 837, 844-45 (C.D. Cal. 2015); *In re Baleine, LP*, 2015 WL 5979948, at *7 (C.D. Cal. 2015); *In re Badax, LLC*, 608 B.R. 730, 738-39 (Bankr. C.D. Cal. 2019). Moreover, the Ninth

---

[3] 11 U.S.C. § 541(a); *In re Minoco Group of Cos.*, 799 F.2d 517, 519 (9th Cir. 1986) ("Under the weight of authority, insurance contracts have been said to be embraced in this statutory definition of "property.") (quoting *In re Davis*, 730 F.2d 176, 184 (5th Cir. 1984)); *In re Vitek, Inc.*, 51 F.3d 530, 534 (5th Cir. 1995) ("virtually every court to have considered the issue has concluded that the [liability insurance] policies -- -- and clearly the proceeds of those policies -- -- are part of debtor's bankruptcy estate").

Circuit B.A.P. has held that "the Curtis factors are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum." *In re Advanced Med. Spa Inc.*, 2016 WL 6958130, at *3 (B.A.P. 9th Cir. 2016) (quoting *Kronemyer v. Am. Contractors Indemn. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009)).

Those twelve factors are (1) resolution of the issues, (2) lack of connection with the bankruptcy case, (3) debtor as a fiduciary, (4) another forum better suited to determination of the issue, (5) costs borne by the insurance carrier, (6) third party liability, (7) interests of other creditors, (8) equitable subordination, (9) avoidable lien, (10) progress of the state court action, (11) judicial economy, and (12) the balance of hurt. *See, Plumberex*, 311 B.R. at 559-60 (citing *Curtis*, 40 B.R. at 799-800). These factors have been adopted by courts in this district, and others. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Plumberex Specialty Products, Inc.*, 311 B.R. 551 (Bankr. C.D. Cal. 2004). Not all of the twelve factors are relevant in every case, and a court is not required to give equal weight to each factor. *Plumberex*, 311 B.R. at 560. Because not all twelve factors are relevant in every case, the Ninth Circuit B.A.P. has further held that determining whether to lift the stay to permit prepetition state court litigation to proceed does not require express consideration of each of the Curtis factors. *See In re Merriman*, 616 B.R. 381, 389 (B.A.P. 9th Cir. 2020); *see also Kronemyer*, 405 B.R. at 921-22. In this case, 3 factors predominate, all of which militate in favor of denying Shamaan's Motion.

## C.   <u>The Lawsuit Would Interfere With This Bankruptcy Case.</u>

The primary *Curtis* factor relevant here is the second one: "The lack of any connection with or interference with the bankruptcy case." *Curtis*, 40 B.R. at 800. Here, permitting the Lawsuit to proceed to trial would significantly interfere with the Debtors' ongoing reorganization efforts. Indeed, as the court stated in *Curtis,* "[t]he most important factor in determining whether to grant relief from the automatic stay to permit litigation against the debtor…is the effect of such litigation on the administration of the estate." *Id.* at 806. The Debtors only have sufficient financing from the DIP Lender to operate through the next few months, at best. In order to

obtain full going concern value, the Debtors, and their employees, must focus all their efforts on the hospital operations and sale process. This is especially true in this case because of the heightened need for the Debtors' employees to assure the health and safety of every patient in the Hospital.

In order to complete a successful sale process, the Debtors will need the full attention of Ms. Cheng, who Shamaan seeks testimony from in the Lawsuit. [*See* Lueken Decl. ¶ 3]. Shamaan also seeks the testimony of other employees, including the Administrative Director, Quality and Risk Management, Chief Financial Officer, and Head of Medical Records, among others, at a time when they are direly needed. [Lueken Decl. ¶ 3]. The Debtors cannot suffer the loss of these employees without also hampering the sale process and thereby, a loss of going concern value for their creditors.

It is the normal course of a bankruptcy case to first focus on maximizing the value of assets for all creditors and then to later focus on evaluating each creditor's claim. By the Motion, Shamaan seeks to interfere with the sale process and reduce the return to all creditors merely so that he may attempt to reduce his own purported claim to judgment at an earlier date. The Debtors' estate should not be so severely prejudiced as this early stage in the bankruptcy case (just two weeks after the bankruptcy filing) merely to confer such a small benefit to one single *potential* creditor. Instead, the stay should remain in place to give the Debtors the breathing room it needs to conduct a meaningful sale process.[4]

## D. The Estate Would Be Jeopardized Despite the Insurance Policy Because Said Policy Does Not Cover All Relief Sought in the Lawsuit.

One of the *Curtis* factors is "[w]hether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation." *Curtis*, 40 B.R. at 800. This factor does not support granting relief from stay. The *Curtis* case took this in part from *Matter of Holtkamp*, 669 F.2d 505 (7th Cir. 1982), where the court stated that: "allowing the civil action to go forward did

---

[4] *Dean v. Trans World Airlines*, Inc., 72 F.3d 754, 755 (9th Cir. 1995), *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess., at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296-97 (explaining that the two purposes of the automatic stay are: (i) to give the debtor breathing space from its creditors to permit it "to attempt a repayment or reorganization plan"; (ii) prevent a race to the assets among the creditors.)

not jeopardize Holtkamp's bankrupt estate because his insurance company assumed full financial responsibility for defending that litigation." *Holtkamp* at 508-09. In this case, California Healthcare Insurance Company, Inc. issued a reservation of rights to the Debtors stating that while it would defend the Lawsuit, it reserved the right to continue investigating the claim and since certain of the damages sought are outside the scope of the Insurance Policy, the Debtors may be called upon to pay all or some portion of a judgment. [Lueken Decl. ¶ 8-9]. Even if the insurance company assumed full responsibility to defend the trial and cover any potential judgment, the estate would be severely jeopardized by the interference of the trial alone.

But critical to the analysis of this *Curtis* factor, the Debtors' insurance company has not assumed full responsibility for all potential relief in Shamaan's complaint, and the Insurance Policy is a "wasting" policy. This means that the coverage under the Insurance Policy for Plaintiff's Alleged Claims (if any) will be reduced by amounts paid to defend Shamaan's Lawsuit. The nature of a wasting policy is that once the coverage for a claim is used, it is no longer available. Furthermore, both the Insurance Policy and the proceeds of the Policy are property of the Debtors' bankruptcy estate.[5] This case is thus more like *In re Forty-Eight Insulations, Inc.*, 54 B.R. 905 (Bankr. N.D. Ill. 1985) (*criticized on unrelated point at* 141 B.R. 959), where relief from stay was denied because allowing the suit to proceed would have "diminished the value of the estate greatly." *Id.* at 909.

As state above, the insurance company is defending the action under a *reservation of rights*, meaning that it reserves the right to refuse coverage. [Lueken Decl. ¶ 9]. If coverage is ultimately refused, the only thing the Motion would accomplish is liquidating Shamaan's claim while at the same time keeping key employees distracted with trial preparation and trial.

Consequently, Shamaan's Lawsuit could result in a significant judgment not covered by the Insurance Policy in three ways. <u>First</u>, the Lawsuit seeks punitive damages against the Debtors. Both the language of the Insurance Policy and applicable California law dictate that an

---

[5] 11 U.S.C. § 541(a); *In re Minoco Group of Cos.*, 799 F.2d 517, 519 (9th Cir. 1986); *In re Vitek, Inc.*, 51 F.3d 530, 534 (5th Cir. 1995).

insurer cannot be liable for willful acts in general,[6] and California law is also clear that an insurer cannot be liable for punitive damages in particular.[7]  Second, Shamaan's complaint alleges employment discrimination, which may be premised upon a finding that the Debtors intentionally discriminated against Shamaan. (*See* Exhibit 1 to the Motion).  Such intentional discrimination requires a finding of willfulness.[8]  Willful acts are uninsurable as a matter of law.[9] Third, the amount of damages are not limited to the amount of coverage provided by the Insurance Policy and may exceed that amount.[10]

## E.    The Balance of the Hurt Favors the Denial of Shamaan's Motion.

The twelfth *Curtis* factor, "[t]he impact of the stay on the parties and the 'balance of the hurt,'"[11] clearly favors denial of the relief from stay sought in Shamaan's Motion.  As noted above, if the Lawsuit proceeded to trial immediately, the Debtors' efforts to effectuate a going concern sale would be seriously interfered with to the detriment of all of its creditors.  Further, the estate would be jeopardized by a potentially significant claim against the estate arising out the willful causes of action and punitive damages sought in Shamaan's complaint.

The Debtors are sympathetic to Shamaan's deteriorating health condition as stated in the Motion, but Shamaan has already had the opportunity to preserve his trial testimony in his deposition taken on August 2, 2022.  As a result, whether trial occurs immediately or months from now, Shamaan will not be significantly prejudiced.

---

[6] *See*, Cal. Ins. Code § 533.

[7] *PPG Industries, Inc. v. Transamerica Insurance Co.*, 20 Cal.4th 310, 319 (Cal. Ct. App. 1999.) ("an insured may not shift to its insurance company, and ultimately to the public, the payment of punitive damages awarded").

[8] *Areteaga v. Brink's, Inc.*, 163 Cal.App.4th 327, 342 (Cal. Ct. App. 2008); *see also, Mixon v. Fair Employment and Housing Commission*, 192 Cal.App.3d 1306, 1316-17 (Cal. Ct. App. 1987); *Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999).

[9] Cal. Ins. Code § 533.

[10] The Insurance Policy has a liability limit of $5 million. Shamaan is seeking punitive and exemplary damages in addition to compensatory damages. These alleged damages, fees and costs could  exceed the remaining balance in the Insurance Policy.

[11] *Curtis*, 40 B.R. at 800.

# IV.  **CONCLUSION**

For the reasons stated above, the Debtors request that this Court DENY the Motion and allow the Debtors the breathing room necessary to succeed in their efforts to sell the Hospital as a going concern.  Alternatively, at a minimum, the Court should postpone the relief requested in the Motion for at least three months from the Petition Date to allow the Debtors and their employees to focus their attention on maximizing the value of the estate for all creditors –not just one unsecured creditor.

Dated:  May 1, 2023

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
          */s/ Jennifer L. Nassiri*
          Jennifer L. Nassiri

JUSTIN R. BERNBROCK
JENNIFER L. NASSIRI
CATHERINE JUN
ROBERT B. McLELLARN
ALEXANDRIA G. LATTNER

Proposed Counsel to Debtors and
Debtors in Possession

1

2

## DECLARATION OF MARK LUEKEN

3

I, Mark Lueken, submit this Declaration in support of the *Debtors' Opposition to Dr.*

4

*Ihsan Shamaan's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* (the

5

"Opposition")[12], and hereby state and declare as follows:

6

1.      I am the Administrative Director, Quality and Risk Management for Debtor

7

Beverly Community Hospital Association ("Hospital" or "Debtor").  I joined the Hospital in

8

April 2019 and have been working in this role for approximately 4 years.  I have a total of 16

9

years' experience in quality care and risk management of hospitals as I have served in similar

10

roles for various other hospitals prior to joining Hospital, including USC Verdugo Hills Hospital,

11

Glendale Memorial Hospital, and St Vincent Medical Center.  As part of my role, I am familiar

12

with the lawsuits filed against the Debtors, the Debtors' insurance policies, various of the

13

Debtors' policies and procedures, and the Debtors' general finances.

14

2.      I am generally familiar with the facts of the Shamaan Lawsuit against the Hospital

15

initiated on May 13, 2021.  I have been directly involved in the ongoing Lawsuit, including

16

acting as the Debtors' point of contact with the insurance company and the Debtors' counsel in

17

the Shamaan Lawsuit.  In my role at the Hospital, I have firsthand knowledge of the insurance

18

policies and facts of the Lawsuit.

19

3.      A vast majority of the Lawsuit involves alleged conduct by Ms. Alice Cheng, the

20

Debtors' chief executive officer.  In addition to Ms. Cheng, Shamaan has issued subpoenas to

21

several of the Debtors' employees to appear at trial and testify.  Those employees include

22

myself, George Holtz, Administrative Director, Human Resources; Houshang S. Abd, Senior

23

Vice President of Finance and Chief Financial Officer, and Carol Messina, Head of Medical

24

Records/ Supervisor, among others.  The employees who are involved in the Lawsuit have

25

devoted a significant amount of time assisting the Debtors' restructuring advisors with due

26

27

---

[12] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in the
Opposition.

28

diligence requests to potential buyers and providing other general information necessary for the Chapter 11 case.

4.      I understand that the trial in the Lawsuit could last for over two weeks.

5.      The Debtors filed their initial answer to the Lawsuit on June 18, 2021.

6.      Through counsel, the Debtors took Shamaan's deposition on August 2, 2022.

7.      The Debtors are insured under a Healthcare Entity Integrated Liability Policy with California Healthcare Company, Inc. (the "Insurance Policy"), that was attached as Exhibit 2 to the Motion.  The Insurance Policy has an aggregate liability limit of $5 million, but does not cover punitive or exemplary damages, both of which Shamaan seeks in his Lawsuit.

8.      The Insurance Policy is also a "wasting" policy so that the fees and costs paid to defend the action reduce the liability limit for the applicable claim.  Thus, the cost of defending the Lawsuit, would be drawn against the amount of the Insurance Policy.

9.      California Healthcare Company, Inc. has issued the Debtors a reservation of rights, stating that while it would defend the Lawsuit, it reserved the right to continue investigating the underlying claims.

*[Signature Page Follows]*

1    I declare under penalty of perjury that, to the best of my knowledge and after reasonable

2 inquiry, the foregoing is true and correct.

3 Dated: May 1, 2023

4

5        By: _____

6          Mark Lueken
          Administrative Director, Quality and Risk
7          Management for Beverly Community Hospital
          Association

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
222 N Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245.

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Opposition to Third Party Dr. Ihsan Shamaan's Motion for Relief from the Automatic Stay Under 11 U.S.C. §362; Declaration of Mark Lueken in Support Thereof

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/01/2023          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  See Exhibit A.

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 05/01/2023          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

  See Exhibit B.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/01/2023          , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

  See Exhibit C - Electonic Mail

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/01/2023 | Jonathan J. Thomson | /s/ Jonathan J. Thomson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# Exhibit A

**Exhibit A**

**Parties Served via**

**ECF**

| CreditorName | Email |
|---|---|
| Megan M Adeyemo | madeyemo@grsm.com, asoto@grsm.com |
| Joseph P Buchman | jbuchman@bwslaw.com, gmitchell@bwslaw.com |
| Evelina Gentry | evelina.gentry@akerman.com, rob.diwa@akerman.com |
| Evan Gershbein | ECFpleadings@kccllc.com |
| Michael Jones | michael.jones4@usdoj.gov |
| Alexandria Lattner | alattner@sheppardmullin.com, ehwalters@sheppardmullin.com |
| Marc A Levinson | MALevinson@orrick.com, borozco@orrick.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| Kelly L Morrison | kelly.l.morrison@usdoj.gov |
| Jennifer L Nassiri | JNassiri@sheppardmullin.com |
| Mary H Rose | mrose@buchalter.com |
| Nathan A Schultz | nschultzesq@gmail.com |
| Howard Steinberg | steinbergh@gtlaw.com, pearsallt@gtlaw.com;howard-steinberg-6096@ecf.pacerpro.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |
| Sharon Z. Weiss | sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,REC_KM_ECF_SMO@bclplaw.com |

# Exhibit B

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| TOP 30 | Abbott Laboratories Inc | Nathan Scott | 100 Abbot Park Road | | | Abbot Park | IL | 60064 |
| TOP 30 | Advantis Medical Staffing | Elayne Goldmane | 13155 Noel Road Suite 300 | | | Dallas | TX | 75240 |
| Counsel for Advantis Medical Staffing | Akerman LLP | Evelina Gentry and Anthony D. Sbardellati | 601 West Fifth Street, Suite 300 | | | Los Angeles | CA | 90071 |
| TOP 30 | Alhambra Hospital Medical Center | Terry Chu | 4619 N. Rosemead Blvd. | | | Rosemead | CA | 91770 |
| Attorneys for California Statewide Communities Development Authority | Allen Matkins Leck Gamble Mallory & Natsis LLP | Debra A. Riley, Esq. | One America Plaza | 600 West Broadway, 27th Floor | | San Diego | CA | 92101-0903 |
| TOP 30 | Allied Universal Security Services | Moises Rodriguez | 161 Washington St Suite 600 | | | Conshohocken | PA | 19428 |
| TOP 30 | Arthrex, Inc | Carla Pitcher | 2825 Airview Boulevard | | | Kalmazoo | MI | 49002 |
| Attorney General of California | Attorney General of California | Attn Bankruptcy Department | California Department of Justice | 1300 "I" Street | | Sacramento | CA | 95814 |
| Office of the Attorney General of the United States | Attorney General of the United States | U.S. Department of Justice | 950 Pennsylvania Avenue, NW | | | Washington | DC | 20530-0001 |
| TOP 30 | Axis Spine Llc | DD Mate | 1812 W Burbank Blvd #5384 | | | Burbank | CA | 91506 |
| TOP 30 | Baxter Healthcare Corp | Yolieth Bazan Matamoros | 17511 Armstrong Ave | | | Irvine | CA | 92614 |
| TOP 30 | Boston Scientific Corp | Kathleen Homsab | 300 Boston Scientific Way | | | Marlborough | MA | 01752-1234 |
| Counsel for Sodexo | Brown McGarry Nimeroff LLC | Jami B. Nimeroff | Two Penn Center, Suite 610 | 1500 John F. Kennedy Boulevard | | Philadelphia | PA | 19102 |
| Counsel to Proposed DIP Lender | Bryan Cave Leighton Paisner LLP | Eric S. Prezant | 161 North Clark Street, Suite 4300 | | | Chicago | IL | 60612 |
| Counsel to Proposed DIP Lender | Bryan Cave Leighton Paisner LLP | Vanessa Sunshine and Sharon Weiss | 120 Broadway, Suite 300 | | | Santa Monica | CA | 90401-2386 |
| TOP 30 | California Department Of Health Care | Tomas J. Aragon | 1501 Capitol Avenue, Suite 4510 | | | Sacramento | CA | 95814 |
| California Department of Health Care Services | California Department of Health Care Services | Jennifer Kent, Director | 1501 Capitol Avenue, Suite 4510 | | | Sacramento | CA | 95814 |
| California Department of Public Health | California Department of Public Health | Stephanie Spich | PO Box 997377 MS 0500 | | | Sacramento | CA | 95899-7377 |
| California Secretary of State | California Secretary of State | | 1500 11th Street | | | Sacramento | CA | 95814 |
| California State Board of Pharmacy | California State Board of Pharmacy | | 1625 North Market Boulevard | | | Sacramento | CA | 95834 |
| California Statewide Communities Development Authority | California Statewide Communities Development Authority | Chair | 1100 K Street, Suite 101 | | | Sacramento | CA | 95814 |
| Center for Medicare and Medicaid Services | Center for Medicare and Medicaid Services | Steven Chickering, the Associate Regional Administrator | 90 – 7th Street, Suite 5-300 | | | San Francisco | CA | 94103-6706 |
| TOP 30 | Cepheid Inc. | Susan Jose | 904 E Caribbean Dr | | | Sunnyvale | CA | 94089 |
| TOP 30 | Cloudwave | Loraine Sarno | 100 Crowley Dr. | | | Marlborough | MA | 01752 |
| TOP 30 | Constellation New Energy-Gas | Zachary Kecyzkecy | 9400 Bunsen Parkway Suite 100 | | | Louisville | KY | 40220 |
| Department of Health Care Services | Department of Health Care Services | Tanya Homman, Chief of Provider Enrollment Division | MS 4704, P.O. Box 997412 | | | Sacramento | CA | 95899-7412 |
| Employment Development Dept. | Employment Development Dept. | | 722 Capitol Mall, MIC 92E | | | Sacramento | CA | 95814 |
| TOP 30 | First Financial Holdings Llc | Ricardo Oseguera | 750 The City Drive South, Suite 300 | | | Orange | CA | 92868 |
| Counsel to Indenture Trustee | Greenberg Traurig, LLP | Colleen Murphy, Kevin Walsh | One International Place, Suite 2000 | | | Boston | MA | 02110 |
| Hanmi Bank | Hanmi Bank | Specialty Lending | 2010 Main St. Suite 590 | | | Irvine | CA | 92614 |
| Hanmi Bank | Hanmi Bank | Specialty Lending | 1920 Main St. Suite 1140 | Attn Ben Sottile | | Irvine | CA | 92614 |
| Hanmi Bank | Hanmi Bank | | 10180 Reseda Blvd | | | Northridge | CA | 91324 |
| Proposed DIP Lender | Hilco Real Estate | Attn Gary C. Epstein, Ryan Lawlor, Neil Aaronson and Robert Lubin | 5 Revere Drive, Suite 206 | | | Northbrook | IL | 60062 |
| TOP 30 | Huntington Technology Finance | Brent McQueen | 2285 Franklin Road | | | Bloomfield Hills | MI | 48302 |
| IRS | Internal Revenue Service | Attn Susanne Larson | 31 Hopkins Plz Rm 1150 | | | Baltimore | MD | 21201 |

Exhibit B
Parties Served via
First Class Mail

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| IRS | Internal Revenue Service | Centralized Insolvency Operation | P.O. Box 7346 | | | Philadelphia | PA | 19101-7346 |
| IRS | Internal Revenue Service | Centralized Insolvency Operation | 2970 Market St | | | Philadelphia | PA | 19104 |
| IRS | Internal Revenue Service | | 300 North Los Angeles Street | | | Los Angeles | CA | 90012 |
| IRS | Internal Revenue Service | | 600 Arch Street | | | Philadelphia | PA | 19101 |
| TOP 30 | Keenan and Associates | Raquel Wallace | 2355 Crenshaw Blvd., Suite 200 | | | Torrance | CA | 90501 |
| Counsel for Hanmi Bank | Law Office of Nathan A. Schultz, P.C. | Nathan A. Schultz, Esq. | 10621 Craig Road | | | Traverse City | MI | 49686 |
| TOP 30 | Medical Information Technology, Inc | Goretti Medeiros | 7 Blue Hill River Road | | | Canton | MA | 02021 |
| TOP 30 | Medical Solutions LLC | Ruben Ramirez | 1010 N 102Nd St Suite 300 | | | Omaha | NE | 68114 |
| TOP 30 | Medline Industries Inc | Brent Fogel | Three Lakes Drive | | | Northfield | IL | 60093 |
| TOP 30 | Medstar Anesthesia Services Inc | Robert Resnick | 9251 Wedgewood St | | | Temple City | CA | 91780 |
| National Association of Attorneys General | National Association of Attorneys General | | 1850 M Street NW, 12th Floor | | | Washington | DC | 20036 |
| TOP 30 | Nixon Peabody Llp | Jennifer O'Neal | 1300 Clinton Square | | | Rochester | NY | 14604 |
| TOP 30 | Noridian Healthcare Solutions, LLC | Theresa Pachel | 900 42nd Street S | | | Fargo | ND | 58103 |
| TOP 30 | Office of Inspector General (OIG) | Nicole Caucci | 405 South Main Street Suite 350 | | | Salt Lake City | UT | 84111 |
| Office of the Attorney General of California | Office of the Attorney General of California | Consumer Law Section | Attn Bankruptcy Notices | 455 Golden Gate Ave., Suite 11000 | | San Francisco | CA | 94102 |
| Deputy General Counsel to California Department of Health Care Services | Office of the California  Attorney General | Department of Justice | Kenneth K. Wang | 300 South Spring Street, Suite 1702 | | Los Angeles | CA | 90013 |
| Office of the CA Attorney General | Office of the California Attorney General | Department of Justice | Jennifer Kim | 300 South Spring Street, Floor 9 | | Los Angeles | CA | 90013 |
| Counsel for Hanmi Bank | Orrick, Herrington & Sutcliffe LLP | Brendan LaFountain | 400 Capitol Hall | | | Sacramento | CA | 95814-4497 |
| TOP 30 | Outset Medical Inc | Andy Rabon | 3052 Orchard Drive | | | San Jose | CA | 95134 |
| TOP 30 | Philips Healthcare | Jose Rivera | 222 Jacobs Street | | | Cambridge | MA | 02141 |
| TOP 30 | Private Attorney General Act (PAGA) | Jarrod Salinas | 1411 North Batavia Street #105 | | | Orange | CA | 92867 |
| Counsel for California Statewide Communities Development Corporation dba CSDA | Richards, Watson & Gershon | Stephen D. Lee | 350 South Grand Avenue, 37th Floor | | | Los Angeles | CA | 90071 |
| TOP 30 | Shiftwise | Jennifer Folds | 200 SW Market Street Suite 700 | | | Portland | OR | 97201 |
| Counsel to Hanmi Bank | Shulman Hodges & Bastian LLP | Michael J. Petersen | 100 Spectrum Center Drive, Suite 600 | | | Irvine | CA | 92614 |
| TOP 30 | Sodexho Inc & Affiliates | Luis Lunalluna | 9801 Washingtonian Boulevard | | | Gaithersburg | MD | 20878 |
| State of California Employment Development Department | State of California Employment Development Department | Bankruptcy Group MIC 92E | P. O. Box 826880 | | | Sacramento | CA | 94280-0001 |
| TOP 30 | Stryker Endoscopy | Joe Gallinatti | 5900 Optical Ct | | | San Jose | CA | 95138 |
| TOP 30 | Stryker Instruments | Donovan Reiley | 4100 E. Milham Road | | | Kalamazoo | MI | 49001 |
| TOP 30 | Stryker Orthopedics | Trent Zaks | 325 Corporate Drive | | | Mahwah | NJ | 07430 |
| U.S. Department of Health & Human Services | U.S. Department of Health & Human Services | Alex M. Azar II, Secretary | 200 Independence Avenue, S.W. | | | Washington | DC | 20201 |
| U.S. Department of Health and Human Services | U.S. Department of Health and Human Services | Angela M. Belgrove, Assistant Regional Counsel | Office of the General Counsel, Region IX | 90 7th Street, Suite 4-500 | | San Francisco | CA | 94103-6705 |
| United States Attorney Civil Process Clerk | United States Attorney's Office | | Federal Building | Room 7516 | 300 North Los Angeles Street | Los Angeles | CA | 90012 |
| United States Attorney's Office | United States Attorneys Office | Central District of California | 312 North Spring Street | Suite 1200 | | Los Angeles | CA | 90012 |
| United Stated Attorney's Office | United States Attorneys Office | Northern District of California | 150 Almaden Boulevard | Suite 900 | | San Jose | CA | 95113 |
| United States Attorney General | United States Department of Justice | Ben Franklin Station | P. O. Box 683 | | | Washington | DC | 20044 |
| Office of the United States Trustee | United States Trustee | Peter C. Anderson | Office of the UST/DOJ | 915 Wilshire Blvd., Suite 1850 | | Los Angeles | CA | 90017 |

**Exhibit B**
**Parties Served via**
**First Class Mail**

| Description | CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|
| Indenture Trustee | US Bank NA | Christopher H. Gehman Vice President, Global Corporate Trust Services | James Center Three | 1051 East Cary Street, 6th Floor | | Richmond | VA | 23219 |
| Indenture Trustee | US Bank NA | | Po Box 70870 | | | St Paul | MN | 55170-9690 |
| Chambers | USBC Central District of California | | Edward R. Roybal Federal Building and U.S. Courthouse | 255 East Temple Street, Suite 1560 | | Los Angeles | CA | 90012 |
| Affected Party | VALENCIA & CYWINSKA, ALC | Mark Joseph Valencia, Esq. | 355 S. Grand Ave, Suite 2450 | | | Los Angeles | CA | 90071 |

In re Beverly Community Hospital Association
Case No. 23-12359

# Exhibit C

**Exhibit C**

**Parties Served via**

**Email**

| Description | CreditorName | Email |
|---|---|---|
| TOP 30 | Abbott Laboratories Inc | nathan.scott@abbott.com |
| TOP 30 | Advantis Medical Staffing | goldman@advantismed.com |
| Counsel for Advantis Medical Staffing | Akerman LLP | evelina.gentry@akerman.com |
| TOP 30 | Alhambra Hospital Medical Center | terrychu@alhambrahospital.com |
| Attorneys for California Statewide Communities Development Authority | Allen Matkins Leck Gamble Mallory & Natsis LLP | driley@allenmatkins.com |
| TOP 30 | Allied Universal Security Services | moises.rodriguez@aus.com |
| TOP 30 | Arthrex, Inc | Carla.Pitcher@arthrex.com |
| TOP 30 | Axis Spine Llc | dmate@axisspineco.com |
| TOP 30 | Baxter Healthcare Corp | yolieth_bazan@baxter.com |
| TOP 30 | Boston Scientific Corp | Kathleen.homsab@bsci.com |
| Counsel for Sodexo | Brown McGarry Nimeroff LLC | jnimeroff@bmnlawyers.com |
| Counsel to Proposed DIP Lender | Bryan Cave Leighton Paisner LLP | eric.prezant@bclplaw.com |
| Counsel to Proposed DIP Lender | Bryan Cave Leighton Paisner LLP | vanessa.sunshine@bclplaw.com; sharon.weiss@bclplaw.com |
| California Department of Public Health | California Department of Public Health | stephanie.spich@cdph.ca.gov |
| TOP 30 | Cepheid Inc. | susan.jose@cepheid.com |
| TOP 30 | Cloudwave | lsarno@insightinvestments.com |
| TOP 30 | Constellation New Energy-Gas | ZacharyKecyzkecy@spectrum-nrg.com |
| TOP 30 | First Financial Holdings Llc | roseguera@ffequipmentleasing.com |
| Counsel to Indenture Trustee | Greenberg Traurig, LLP | Colleen.Murphy@gtlaw.com; Kevin.Walsh@gtlaw.com |
| Proposed DIP Lender | Hilco Real Estate | gepstein@hilcoglobal.com; rlawlor@hilcoglobal.com; NAaronson@hilcoglobal.com; RLubin@hilcoglobal.com |
| TOP 30 | Huntington Technology Finance | brent.a.mcqueen@huntington.com |
| TOP 30 | Keenan and Associates | rwallace@keenan.com |
| Counsel for Hanmi Bank | Law Office of Nathan A. Schultz, P.C. | nschultzesq@gmail.com |
| VALENCIA & CYWINSKA, ALC | Mark Joseph Valencia, Esq. | mvalencia@vclitigation.com |
| TOP 30 | Medical Information Technology, Inc | gmedeiros@meditech.com |
| TOP 30 | Medical Solutions LLC | info@medicalsolutions.com |
| TOP 30 | Medline Industries Inc | bfogel@medline.com |
| TOP 30 | Medstar Anesthesia Services Inc | robert.amedinc@gmail.com |
| National Association of Attorneys General | National Association of Attorneys General | support@naag.org |
| TOP 30 | Nixon Peabody Llp | joneal@nixonpeabody.com |
| TOP 30 | Noridian Healthcare Solutions, LLC | JE-ERS@noridian.com |
| Office of the Attorney General of California | Office of the Attorney General of California | Scott.Chan@doj.ca.gov |
| Deputy General Counsel to California Department of Health Care Services | Office of the California  Attorney General | Kenneth.Wang@doj.ca.gov |
| TOP 30 | Outset Medical Inc | arabon@outmedical.com |
| TOP 30 | Philips Healthcare | jose.rivera@philips.com |
| TOP 30 | Private Attorney General Act (PAGA) | jarrod@phoenixclassaction.com |
| Counsel for California Statewide Communities Development Corporation dba CSDA | Richards, Watson & Gershon | slee@rwglaw.com |
| TOP 30 | Shiftwise | jennifer.folds@medefis.com |
| TOP 30 | Sodexho Inc & Affiliates | LuisLunalluna@beverly.org |
| TOP 30 | Stryker Endoscopy | joe.gallinati@stryker.com |
| TOP 30 | Stryker Instruments | donovan.reiley@stryker.com |
| TOP 30 | Stryker Orthopedics | TrentZaks@stryker.com |

**Exhibit C**

**Parties Served via
Email**

| Description | CreditorName | Email |
|---|---|---|
| Office of the United States Trustee | United States Trustee | hatty.yip@usdoj.gov;<br>Michael.Jones4@usdoj.gov |
| Indenture Trustee | US Bank NA | christopher.gehman@usbank.com |